1

**PHILLIPS DAYES LAW GROUP PC**
**ATTORNEYS AT LAW**
**Suite 1500**
**3101 North Central Avenue**
**Phoenix, Arizona 85012**
**(602) 258-8900**
minute_entries@phillipslaw.com

2

3

4

5  Trey Dayes (AZ Bar # 020805)
treyd@phillipsdayeslaw.com
6  Dawn M. Sauer (AZ Bar # 030271)
dawns@phillipsdayeslaw.com
7  John L. Collins (AZ Bar # 030351)
johnc@phillipsdayeslaw.com
8  Sean Davis (AZ Bar #030754)
seand@phillipsdayeslaw.com
9  Attorneys for Plaintiffs

10

11                    **UNITED STATES DISTRICT COURT**

12                        **DISTRICT OF ARIZIONA**

| | |
|---|---|
| 13  Samuel Matei, a single man; Steve Ortiz, a single man, | Case No.: |
| 14 | **COMPLAINT** |
| 15                    Plaintiffs, | |
| 16  vs. | **(Jury Trial Requested)** |
| 17  Construction Diversified, LTD., an Arizona Corporation; Douglas and Joan Barr, husband and wife; | |
| 18 | |
| 19                    Defendants. | |

20  Plaintiffs allege:

21                        **NATURE OF THE CASE**

22       1.      Plaintiffs seek to recover unpaid wages and an award of treble damages,

23  including interest thereon, statutory penalties, attorneys' fees and costs pursuant to A.R.S. §23-

24  355 and *inter alia*  A.R.S. §12-341.01.

25

---

1    2.    Plaintiffs also bring this claim in the alternative under the the Fair Labor

2   Standards Act ("FLSA"). The FLSA is designed to eliminate "labor conditions detrimental to

3   the maintenance of the minimum standard of living necessary for health, efficiency and general

4   well-being of workers" 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets overtime pay

5   requirements for covered employers. 29 U.S.C. §§ 206(a) & 207(a).

6    3.    Employers must compensate employees for all work that employers permit

7   employees to perform. See 29 C.F.R. § 785.11. In such cases, it is the responsibility of

8   employers' management to ensure that work is not performed if management does not desire

9   for such work to be performed. 29 C.F.R. § 785.13. Employers may not accept the benefits of

10  employees performing work without compensating the employees for their work. Id.

11   4.    Plaintiffs brings this action against Defendant for unlawful failure to pay

12  overtime wages in direct violation of the Fair Labor Standards Act, 29 USC §201 *et seq.*

13  (hereinafter FLSA) and specifically the overtime provision of the FLSA found at §207(a).

14   5.    For at least three (3) years prior to the filing of this action, Defendants had a

15  consistent policy and practice of requiring its employees to work well in excess of forty (40)

16  hours per week without paying them time and a half for hours worked over forty (40) hours per

17  week.

### JURISDICTION AND VENUE

18   6.    This Court has jurisdiction over the subject matter and the parties hereto pursuant

19  to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

20   7.    Venue is proper under 28 U.S.C. §1391(b) because all or a substantial part of the

21  events or omissions giving rise to the claims occurred in this District.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

8.      The named Defendant, by virtue of their own acts and omissions or by virtue of

the acts and omissions committed by one or more of their agents, employees or representatives,

as described herein, have conducted business or caused events to occur within the District of

Arizona and, more particularly, within Maricopa County, Arizona, as more particularly

described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

**PARTIES**

9.      At all times material hereto, Plaintiffs were and continue to be a resident of

Maricopa County, Arizona.

10.      Defendant Construction Diversified, LTD. is incorporated in the State of Arizona

with its principle place of business at 9324 East Raintree Drive, Suite 110, Scottsdale, Arizona

85260.

11.      Upon information and belief, and consistent with the information available from

the Arizona Corporation Commission, Defendants Douglas and Joan Barr were and are the

owners of Construction Diversified, LTD..

12.      Upon information and belief, at all times material hereto, Defendants Douglas

and Joan Barr were and are residents of Maricopa County, Arizona.

13.      Douglas and Joan Barr have caused events to take place giving rise to this

Complaint as to which their marital community is fully liable.

14.      At all relevant times, Plaintiffs were "employees" of Construction Diversified,

LTD., as defined by 29 U.S.C. §203(e)(1).

15.      The provisions set forth in 29 U.S.C § 206 and § 207, respectively, of the FLSA

apply to Construction Diversified, LTD.

Complaint and Demand for Jury Trial                                                                    Page 3

1

2

16.     At all relevant times, Construction Diversified, LTD. was and continues to be an employer as defined in 29 U.S.C. § 203(d).

3

4

5

6

17.     On information and belief, Defendants Douglas and Joan Barr are deemed an "employer" for purposes of the FLSA, including, without limitation, 29 U.S.C. §216, and are co-equally liable with Defendant Construction Diversified, LTD. for all matters.

7

8

9

18.     At all times material to this action, Construction Diversified, LTD. was and is an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

10

11

12

19.     Upon information and belief, at all relevant times, the annual gross revenue of Construction Diversified, LTD. exceeded $500,000.00

13

**FACTUAL BACKGROUND**

14

15

20.     Plaintiff Matei was hired by Defendants in approximately January 2011 as a non-exempt hourly paid estimator and office assistant.

16

17

18

19

20

21

21.     Plaintiff Matei's responsibilities included speaking with adjustors to help coordinate the amount of insurance proceeds a client of Defendants would receive prior to beginning construction work on the client's properly. Plaintiff Matei was also Defendants' personal assistant, he would pick up office items, get cars washed for the Defendants, and other administrative tasks.

22

23

22.     Plaintiff Ortiz was hired by Defendants in October of 2010 as a non-exempt estimator and roofer.

24

25

23.     Plaintiff Ortiz's responsibilities included speaking with adjustors to help

coordinate the amount of insurance proceeds a client of Defendants would receive prior to beginning construction work on the client's properly. Plaintiff Ortiz was also required to assist in roofing construction work.

24.     Plaintiff Matei was paid an hourly rate of $20 per hour for all hours worked until he reached 40 hours in a week. If Matei worked more than 40 hours, he would be paid a flat rate regardless of the hours worked.

25.     For example, if Matei worked 32 hours in a week he would be paid $640; if he worked 36 hours in a week he would be paid $720. If he worked 40 hours he would be paid $800. If he worked 48 hours he would be paid $800.

26.     Plaintiff Ortiz was paid a salary of $1,500 per week.

27.     Plaintiff Ortiz was a non-exempt employee and should have been paid an hourly rate.  He was not a manager. He did not supervise employees and did not have hiring or firing ability.

28.     Plaintiff Ortiz was not exempt under the Administrative Exemption to the FLSA.

29.     Plaintiffs were also compensated on a commission structure.

30.     However, commissions were never paid to Plaintiffs and thus Plaintiffs were never exempt employees under the Employees Paid Commissions By Retail Establishments who are exempt under section 7(i)

31.     Defendants entered into an agreement with Plaintiffs to compensate Plaintiffs a percentage of the revenue generated from each construction job completed.  That commission was at least $5,000 per job.

32.     Plaintiff Matei is owed approximately $58,900 in unpaid commissions.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

33.     Plaintiff Ortiz is owed approximately $58,900 in unpaid commissions.

34.     Plaintiffs were non-exempt employee.

35.     Plaintiffs were not managers.

36.     Plaintiffs did not exercise discretion and independent judgment with respect to matters of significance.

37.     From January 2011 through January 2014, Defendants failed to properly compensate Plaintiffs for their overtime hours.

38.     Plaintiffs attempted on multiple occasions to receive their overtime and commission compensation.

39.     In January of 2014 Plaintiffs directly requested from the Barrs their compensation again.

40.     After making the request, Douglas Barr told the Plaintiffs that he could not work with people such as them and immediately fired both Plaintiffs.

41.     Defendants' failure and/or refusal to properly compensate Plaintiffs at the rates and amounts required by the FLSA were/was willful as Plaintiffs complained about this policy to on multiple occasions and in facts were both terminated in January of 2014 for complaining about not being compensated appropriately.

42.     Defendants refused and/or failed to properly disclose to or apprise Plaintiffs of their rights under the FLSA.

43.     Defendants failed to keep proper time records in violation of the FLSA.

44.     Plaintiffs have retained the law firm of Phillips Dayes Law Group, P.C. to represent her in this litigation and have agreed to pay a reasonable fee for the services rendered

1   in the prosecution of this action on her behalf.

2
3   **COUNT ONE**
    **FAILURE TO PAY WAGES**

4   45.    Plaintiffs incorporate and adopt the preceding paragraphs as if fully set forth

5   herein.

6   46.    Upon information and belief, Defendants failed to pay Plaintiffs "wages" (as that

7   term is defined by A.R.S. § 23-350) in the amount of commissions that are owed.

8   47.    Plaintiff Matei is owed approximately $58,900 in unpaid commissions.

9   48.    Plaintiff Ortiz is owed approximately $58,900 in unpaid commissions.

10  49.    Upon information and belief, Defendants' failure to pay Plaintiffs said wages

11  was willful, unreasonable, and in bad faith.

12  50.    Defendants did not rely on a good faith dispute in not paying Plaintiffs their

13  wages.

14  51.    Pursuant to A.R.S. § 23-355, Plaintiffs are entitled to an award of treble the

15  amount calculated above.

16  52.    Pursuant to, *inter alia,* A.R.S. § 12-341.01, Plaintiffs are entitled to an award of

17  their attorneys' fees and costs incurred in this action.

18  WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor

19  against Defendants:

20  a.    Awarding Plaintiffs regular compensation in the amount due to them for all of

21  commissions that they were not compensated for.

22  b.    Awarding Plaintiffs treble the amount calculated pursuant to the preceding

23  paragraph.

24  c.    Awarding Plaintiffs reasonable attorneys' fees and costs and expenses of the

25  litigation pursuant to A.R.S. § 12-341.01.

1

2

3

4

       d.  For Plaintiffs' costs incurred in this action.

       e.  Awarding Plaintiffs pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full.

5

6

       f.  Awarding Plaintiffs post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full.

7

       g.  Ordering any other and further relief as the Court deems just and proper

8

9

**COUNT TWO**
**VIOLATION OF FAIR LABOR STANDARDS ACT §207**

10

11

53.  Plaintiffs incorporate and adopt the preceding paragraphs as if fully set forth herein.

12

13

54.  While employed by Defendant, Plaintiffs consistently and regularly worked overtime.

14

15

16

55.  When Defendants denied Plaintiffs the commissions they were owed, Plaintiffs became non-exempt employees not covered by the commission exemption of 7(i).

17

18

56.  Defendants have intentionally failed and/or refused to pay Plaintiffs overtime according to the provisions of the FLSA.

19

20

57.  As a direct result of Defendants' violations of the FLSA, Plaintiffs has suffered damages not receiving compensation in accordance with § 207 of the FLSA.

21

22

58.  Under 29 U.S.C. §216 Defendants are liable to Plaintiffs for an amount equal to one and one-half  times his regular pay rate for each hour of overtime worked per week.

23

24

25

59.  In addition to the amount of unpaid wages owed to Plaintiffs is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

60.     Defendants' actions in failing to compensate Plaintiffs, in violation of the FLSA, were willful.

61.     Defendants have not made a good faith effort to comply with the FLSA.

62.     Plaintiffs are also entitled to an award of attorneys' fees pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor against Defendants:

 a.  Awarding Plaintiffs overtime compensation in the amount due to her for all of her time worked in excess of forty (40) hours per work week at an amount equal to one and one-half  times Plaintiffs' regular rate while at work for Defendants;

 b.  Awarding Plaintiffs liquidated damages in an amount equal to the overtime award;

 c.  Awarding Plaintiffs' reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

 d.  For Plaintiffs' costs incurred in this action;

 e.  Awarding Plaintiffs' pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

 f.  Awarding Plaintiffs' post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full;

 g.  For such other and further relief as the Court deems just and proper.

1

2

### COUNT THREE
### <u>RETALIATION IN VIOLATION OF THE FLSA</u>

3

4

63.     Plaintiffs incorporate and adopt the preceding paragraphs as if fully set forth

herein.

5

6

64.     As set forth above, Plaintiffs were retaliated against for exercising their rights

under the FLSA.

7

8

9

10

11

12

65.     Pursuant to FLSA, 29 U.S.C. § 215(a)(3), it is unlawful to discharge or in any

other manner discriminate against any employee because such employee has filed a complaint

or instituted or caused to be instituted any proceedings under or related to this chapter, or has

testified or is about to testify in any such proceedings, or has served or is about to serve on an

industry committee…"

13

14

15

66.     Such conduct not only includes formal complaints with a court or the Department

of Labor, but also informal complaints to an employer. *See Williamson v. Gen. Dynamics

Corp.*, 208 F.3d 1144, 1151 (9th Cir. 2000).

16

17

67.     Plaintiffs have suffered emotional distress, mental anguish, lost past and future

wages as a result of Defendants' retaliatory conduct.

18

19

20

21

68.     As a result of Defendants' retaliatory conduct, Plaintiff is entitled to

compensatory damages, punitive damages, attorneys' fees and costs, and all other legal or

equitable relief permitted under 29 U.S.C. § 216.

22

23

24

25

1

2

**COUNT FOUR**
**DECLARTORY JUDGMENT**

3

69.     Plaintiffs incorporate and adopt the preceding paragraphs as if fully set forth

4

herein.

5

70.     Plaintiffs and Defendants have a Fair Labor Standards Act dispute pending.

6

71.     The Court has jurisdiction to hear Plaintiffs' request for declaratory relief

7

pursuant to the Declaratory Judgment Act 28 U.S.C. §§ 2201-2202.

8

72.     Plaintiffs may obtain declaratory relief.

9

73.     Defendant employed Plaintiffs.

10

74.     Defendant is an enterprise covered by the FLSA.

11

75.     Plaintiffs are individually covered by the FLSA.

12

13

76.     Plaintiffs is entitled to overtime wages pursuant to 29 U.S.C. §207.

14

77.     Defendant did not keep accurate time records pursuant to 29 U.S.C §211(c) and

15

29 C.F.R. Part 516.

16

78.     Plaintiffs is entitled to an equal amount of liquidated damages as Defendant's

17

policy of failing to pay proper overtime compensation remains in effect.

18

79.     Defendant did not rely on a good faith defense in its failure to abide by the

19

20

provisions of the FLSA and failure to pay overtime compensation.

21

80.     It is in the public interest to have these declarations of rights recorded as

22

Plaintiffs' declaratory judgment action serves the useful purposes of clarifying and settling the

23

legal relations at issue, preventing future harm, and promoting the remedial purposes of the

24

FLSA.

25

81.     The declaratory judgment action further terminates and affords relief from

1    uncertainty, insecurity, and controversy giving rise to the proceeding.

2         WHEREFORE, Plaintiffs respectfully requests that judgment be entered in her favor

3    against Defendants:

4         a.  Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices

5             complained of herein are in violation of the overtime provisions of the FLSA.

6

7         b.  For Plaintiffs' costs incurred in this action.

8         c.  Awarding Plaintiffs' reasonable attorney's fees and costs and expenses of the

9             litigation pursuant to 29 U.S.C. §216(b);

10        d.  For such other and further relief as the Court deems just and proper.

11

12                            **DEMAND FOR JURY TRIAL**

13
        Plaintiffs and all similarly situated employees  hereby requests that upon trial of this
14
     action, all issues be submitted to and determined by a jury except those issues expressly
15
     reserved by law for determination by the Court.
16

17   Dated:  February 5, 2014              Respectfully submitted,

18                                         **PHILLIPS DAYES LAW GROUP PC**

19                                             /s/ Trey Dayes
20                                         Trey Dayes
                                           treyd@phillipsdayeslaw.com
21                                         Attorney for Plaintiffs

22

23

24

25

---

Complaint and Demand for Jury Trial                                      Page 12